---

Thomas J. Quigley, Cleveland, Ohio, for defendant-appellant, Ronald L. Coleman, Squire, Sanders & Dempsey, Cleveland, Ohio, on the brief, John H. O'Neil, of counsel.

Herschel Kriger, Canton, Ohio, for defendants-appellees, Feller, Bredhoff & Anker, Washington, D. C., on the brief.

Before PHILLIPS, Circuit Judge, McALLISTER, Senior Circuit Judge, and LEVIN, District Judge.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO, and United Steelworkers of America, AFL–CIO, Local No. 4377, Plaintiffs-Appellees,**

v.

**GENERAL ELECTRIC COMPANY, Defendant-Appellant.**

**No. 15327.**

United States Court of Appeals Sixth Circuit.

Feb. 19, 1964.

## PER CURIAM.

This is an appeal from an order granting plaintiffs' motion for summary judgment in an action brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, compelling the employer, General Electric Company, to arbitrate employee grievances over a change in method of pay. The trial court's opinion, 211 F.Supp. 562, is affirmed.

The plaintiffs rely on Article XXIII of a collective bargaining Agreement between themselves and the defendant, General Electric Company. The employees filed their grievance on September 9, 1961, asserting that their jobs had been reclassified from an incentive, or piece rate, to an hourly rate. They claimed that this was a wage cut violative of Article VIII, Sections 3(B) and (C) of the collective bargaining Agreement, which specify how and when piece rates may be modified by the employer.

On September 26, 1961, the defendant, in its answer to the grievance, denied

that its right to modify the method of pay was restricted by the Agreement. On November 6, 1961, the grievance procedures specified by the Agreement having been exhausted, the plaintiff Union submitted a request for arbitration. Defendant employer refused to arbitrate, and plaintiffs brought this action to force defendant to arbitrate and to thereby override a temporary restraining order of the Common Pleas Court of Cuyahoga County, Ohio, enjoining the American Arbitration Association from arbitrating the grievance in question.

Article VIII, Sections 3(B) and (C), provides certain requisites for the employer's reduction of piece rates. Whether the elimination of a piece rate and its replacement with a day rate can be treated as such a reduction under the Agreement need not be determined at this point. Suffice it to say that resolution of this question involves "the interpretation or application of a provision of [the] agreement" as that phrase is used in Article XXIII, Section 1(a), of the Agreement.[1]

It is undisputed that the question involved was in fact a grievance under Article XXI of the Agreement.[2] The fundamental issue is raised by the exclusion from the arbitration provision, Article XXIII, Section 3(a).[3]

Judge Green's well-considered opinion, 211 F.Supp. 562, was that, as a matter of law, this provision did not preclude the Union from submitting the present question to arbitration:

"It is the Court's opinion that this is not a matter of the *arbitrators* 'establishing, modifying, or eliminating' a wage rate, which is specifically excluded by the terms of the agreement. The question is whether or not the change in rates by the *employer* was permissible under the terms of the agreement and the Court is of the opinion that this is subject to arbitration." 211 F.Supp. 562, 566.

More recently, the United States Court of Appeals for the Second Circuit handed down its opinion in the case of Carey v. General Electric Company, 315 F.2d 499 (March 11, 1963), construing contract provisions virtually identical with those in issue here as not precluding arbitration of this type of dispute.

Affirmed.

1. "ARTICLE XXIII. *Arbitration.*
"Section 1. Any grievance which remains unsettled after having been fully processed pursuant to the provisions of Article XXI and which involves either:
"(a) the interpretation or application of a provision of this Agreement; * * * shall be submitted to arbitration upon written request of either the Union or the Company. * * *"

2. "ARTICLE XXI. *Grievance Procedure.*
"Section 1. Definition: A grievance shall consist of any dispute between an employee and his foreman or other immediate supervisor arising out of his employment, whether or not involving the interpretation or application of any one or more provisions of this Agreement."

3. "ARTICLE XXIII.
"Section 3. * * * The arbitrator shall have no authority to add to, detract from, or in any way alter the provisions of this Agreement. In addition to the foregoing limitations upon the authority of an arbitrator, it is specifically agreed that:
"(a) No arbitrator shall have the authority to establish, modify or eliminate any wage, or piece rate, or job classification, or authority with respect to deciding the appropriate classification of any employee."