**LOCAL 73, AMALGAMATED MEATCUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL-CIO, Plaintiff,**

v.

**FRED RUEPING LEATHER COMPANY, Defendant.**

**No. 67-C-405.**

United States District Court
E. D. Wisconsin.

April 9, 1968.

Alan M. Levy, Milwaukee, Wis., for plaintiff.

Edgarton & Hobbs, Fond du Lac, Wis., for defendant.

## DECISION ON MOTIONS

MYRON L. GORDON, District Judge.

The plaintiff has commenced this action to obtain an order compelling the defendant to arbitrate a grievance. There appear to be no issues of fact; both parties seek summary judgment.

The union filed a grievance with the company charging that a production standard and its concomitant employee incentive earnings were improperly changed by the company in violation of the collective bargaining agreement.

Specifically, the union alleges that the company violated Section 10.01 of the collective bargaining agreement which provides as follows:

"The production standard on all rated work now in effect shall not be changed during the period of this agreement except for the purpose of correcting any obvious errors in compiling such production standards or by reason of changes in the conditions of the job, the machinery, the methods or materials used or by reason of an accumulation of changes."

The parties were unable to resolve the grievance, and therefore the union submitted a request that the matter be arbitrated, but the company declined to such submission.

In urging that the matter be submitted to arbitration, the union contends that the propriety of arbitration is a threshold question which should be resolved by the arbitrator and not by the court. The union points to section 7.03 of the collective bargaining agreement, which provides in part as follows:

"* * * Any case appealed to the arbitrator over which he has no power to rule shall be referred back to the parties without decision. * * *"

In my opinion, section 7.03 does not preclude the court from deciding the issue of arbitrability. The language of section 7.03 falls considerably short of the test set forth in United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, at page 583, 80 S.Ct. 1347, at page 1353, 4 L.Ed.2d 1409 (1960), where the court said:

"Where the assertion by the claimant is that the parties excluded from court determination not merely the decision of the merits of the grievance but also the question of its arbitrability, vesting power to make both decisions in the arbitrator, the claimant must bear the burden of a clear demonstration of that purpose."

Under the language of section 7.03, the preliminary issue of arbitrability is a

proper one for the court. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); cf. Metal Products Workers Union, Local 1645 etc. v. Torrington Co., 358 F.2d 103 (2d Cir. 1966).

The motions for summary judgment require the court to determine whether the grievance alleged by the union is excluded from arbitration by reason of section 7.03. The latter section provides in part as follows:

> " * * * The arbitrator shall have no power to rule upon any grievance or dispute concerning the establishment of wages, rates of pay, standards of production established or changed by management * * * "

The issue presented by the plaintiff's grievance is whether the employer was justified under section 10.01 in making a change in the production standard. The union contends that there is an underlying question of fact with respect to the company's justification for changing the standard of production on rated work; on that analysis, the union urges that its grievance presents an issue for the arbitrator under section 10.01.

In my opinion, a fair reading of section 7.03 requires the conclusion that the dispute in question is excluded from arbitration. The language of section 7.03 is unambiguous. The following cases relied upon by the union are not applicable in view of the clarity of the language of section 7.03: United Steelworkers of America, AFL–CIO v. General Electric Co., 327 F.2d 853 (6th Cir. 1964); Cary v. General Electric Co., 315 F.2d 499 (2d Cir. 1963).

There is no issue of material fact in the case at bar, and the court concludes that section 7.03 removes from arbitration the grievance referred to in the case at bar.

It is therefore ordered that the defendant's motion for summary judgment be and hereby is granted, and the plaintiff's motion for summary judgment be and is hereby denied.